IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BAXTER, a.k.a., )<br>RICHIE A. HILL, )<br>)<br>      Plaintiff, )<br>)   CIVIL NO. 09-cv-896-JPG<br>vs. )<br>)<br>HARLEY G. LAPPIN, *et al.*, )<br>)<br>      Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Administrative Maximum United States Penitentiary (ADX) located in Florence, Colorado, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**BACKGROUND**

Before turning to the allegations of the complaint, the Court believes it is necessary to explain the background against which the allegations of the complaint are being made. Plaintiff - who was convicted under the name "Richie Antonio Hill" - is serving a 360-moth sentence for carjacking and kidnaping, *United States v. Hill*, Case No. 98-cr-69 (M.D. Fla), and a 120-month consecutive sentence for voluntary manslaughter, *United States v. Hill*, Case No. 02-cr-248 (D. Colo.). Plaintiff has been incarcerated in several facilities since the imposition of his initial sentence, including ADX (his current place of confinement), the United States Penitentiary in Marion, Illinois (USP-Marion), and the Mental Health Unit of the United States Medical Center for Federal Prisoners in Springfield, Missouri (USMCFP). *See Baxter v. Manley*, Case No. 08-cv-620 (Dist. Colo. March 8, 2010) (Memorandum Opinion and Order). While confined at USMCFP,

Plaintiff was treated with psychotropic medications. *See Hill v. United States Dept. of Justice*, Case No. 03-cv-3411 (W.D. Mo.). Through out his incarceration, Plaintiff has filed numerous civil suits and habeas corpus actions in Florida, Missouri, Illinois, and Colorado. Most of these suits have been filed under the name "Richie Hill" or "Richie A. Hill." However, some of the suits have been filed under the name "David Baxter" or, even, "Tony Baxter."

### THE COMPLAINT

In the instant complaint, Plaintiff alleges that, while confined at USP-Marion, Defendant Samples broke his neck on May 6, 2005. Plaintiff also alleges that Defendant Lockridge broke his left index finger while he was confined in handcuffs "on B-range in 2005." Plaintiff further contends that Defendants Samples, Hughes, Lockridge, and John Doe tried to kill him and he would like to file criminal charges against them. Plaintiff states that in 2005, he attempted to give Defendant Lappin a "BOP 10" (i.e., grievance form) while Lappin was visiting USMCFP. Plaintiff alleges, however, Defendant Lappin told him to place the form in the mail, an instruction which Plaintiff found objectionable because Lappin "knew that [Plaintiff] had a broken neck."

### DISCUSSION

At the outset, a review of the Court's records reveals that Plaintiff filed a nearly identical suit against Defendants Samples, Hughes, and Lockridge on September 28, 2006. *Hill v. Samples,* Case No. 06-cv-751 (S.D. Ill.). As in the instant case, Plaintiff also alleged that Samples broke his neck and that Lockridge broke his left index finger. *Id*. Plaintiff, however, voluntarily dismissed his prior action on February 20, 2009. *Id*.

Plaintiff also filed a suit against Defendants Samples, Hughes, and Lockridge in the District of Colorado on November 6, 2007. *See Baxter v. Samples*, Case No. 07-cv-2329 (D. Colo.). In that

prior suit, Plaintiff also alleged that Samples broke his neck. *Id*. This suit was dismissed due to Plaintiff's failure to comply with the court's order. *Id.*

In the instant complaint, Plaintiff alleges that the events took place in 2005. It also appears that Plaintiff exhausted or attempted to exhaust his administrative remedies in 2005 or 2006. The statute of limitations for *Bivens* actions, like actions under § 1983, are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *See Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir.1989); see also *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000-01, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279, 105 S.Ct. 1938, 1948-49, 85 L.Ed.2d 254 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, *Bivens* claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

Plaintiff, however, contends that the statute of limitations was tolled during the time period "2000 to 2009" because he suffered from a "mental disability." As noted above, however, this alleged mental disability did not prevent Plaintiff from filing this same case in this Court 2006 or a similar case in the District of Colorado in 2007. It also does not appear to have prevented Plaintiff from filing numerous civil suits actions in other districts. *See e.g., Hill v. Rivers*, Case No. 09-cv-2149 (D. Colo. filed Feb. 10, 2009); *Hill v. Wilson*, Case No. 04-cv-421 (M.D. Fla. filed Aug. 16, 2004); *Hill v. United States*, Case No. 04-cv-534 (M.D. Fla. filed October 27, 2004); *Hill v. Bureau of Prisons*, Case No. 08-cv-620 (D. Col. filed March 26, 2008); *Hill v. Bureau of Prisons*, Case No.

06-cv-809 (S.D. Ill. filed Oct. 20, 2006);[1] *Hill v. Manly*, Case No. 07-cv-1624 (D. Colo. filed Aug. 9, 2007) . In short, the record available to this Court indicates that Plaintiff did not suffer a "mental disability" that prevented him from filing this action in this Court within the period prescribed by the Illinois statute of limitations. Therefore, the instant action should be dismissed for failing to state a claim upon which relief may be granted.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

    **IT IS SO ORDERED.**

    **Dated: May 7, 2010.**

                                          s/ J. Phil Gilbert
                                          **U. S. District Judge**

---

[1] This case was transferred to the District of Colorado which assigned it Case No. 07-cv-818 (D.Colo. filed April 23, 2007).